UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff - Appellant,<br><br>V.<br><br>MARICOPA COUNTY, a political subdivision,<br><br>Defendant - Appellee. | No. 05-15403<br>D.C. No. CV-02-01874-PGS<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 02/20/07



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
APR 20 2007
by: Ruben Talavera
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**FEB 20 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff - Appellant,<br><br>V.<br><br>MARICOPA COUNTY, a political subdivision,<br><br>Defendant - Appellee. | No. 05-15403<br><br>D.C. No. CV-02-01874-PGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted February 14, 2007
San Francisco, California

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

The EEOC appeals the district court's grant of summary judgment in its action under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). We undertake a de novo review of that decision, and affirm.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

-2-

To survive a motion for summary judgment, the EEOC must present direct evidence of discriminatory intent, *see Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994), or use the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to raise an inference of discrimination.

## I. Direct Evidence of Discriminatory Intent

The EEOC rests its case entirely on the depositions of Conchos and Anderson. Yet, Conchos and Anderson never testified that Mabery had in fact made the disputed comment – that Toth was an "old" employee. Rather, they said they could not remember Mabery's exact words and agreed that Mabery might have used the word "old." These depositions do not establish that Mabery in fact uttered the word "old." And even if the word had been uttered, the context makes clear that the word was not used to refer to chronological age, but to Toth's status as a former employee. Burn-out, not age, was the unmistakable connotation. *Cf. Pottenger v. Potlatch Corp.*, 329 F.3d 740, 747 (9th Cir. 2003).

As a result, there is insufficient direct evidence of discriminatory intent.

## II. Circumstantial Evidence of Discriminatory Intent

The first two steps of *McDonnell Douglas* are easily dispensed with. Like the district court, we assume that the EEOC has established a prima facie case.

-3-

Furthermore, the EEOC does not contest the district court's conclusion that the County proffered legitimate, non-discriminatory reasons for its hiring decision.

The third step requires the EEOC to produce sufficient evidence to raise a genuine issue of material fact as to whether the County's nondiscriminatory reasons are merely pretexts for discrimination. Pretext can be established "either (1) by showing that unlawful discrimination more likely motivated the employer, or (2) by showing that the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable." *Dominguez-Curry v. Nevada Transportation Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

There is no evidence in the record suggesting that ageism motivated Mabery's hiring decisions. The fact that the average age of the thirteen successful VWA applicants was 30 and only one was over 40 has no significance because the record contains no data about the age distribution of the applicant pool.

There is also no evidence that the County's non-discriminatory reasons are unworthy of credence. *First*, the EEOC cannot rely on Toth's prior performance evaluations because there is no evidence that Mabery ever reviewed them.

*Second*, there is no dispute manufactured from the different assessments of Toth's performance at the interview. Mabery viewed Toth's appearance and

-4-

responses as unprofessional and the other interviewers never disputed any of the facts underlying Mabery's evaluation.

*Third*, the EEOC cannot demonstrate pretext based on the qualifications of the applicants who were hired by the County. Toth was less qualified than the Spanish speakers who also had degrees in the relevant field. Of the non-Spanish speakers, all had degrees in a related field and combined job experience of at least two years. Thus, while Toth is arguably as qualified as the non-Spanish speakers based on her experience (even though she lacked a relevant degree), nothing about the selected applicants suggests that the new job criteria was applied in a discriminatory manner, or operated as a cover for animus.[1]

**AFFIRMED.**



---

[1]  The EEOC's reliance on Toth's prior experience as a VWA with the County is misplaced. Under the announcement's terms and "open competitive" label, Toth was no more or less qualified than another applicant with experience in victim advocacy and assistance.

**FILED**

FEB 20 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

*EEOC v. Maricopa County*, No. 05-15403
REINHARDT, Circuit Judge, dissenting:

I disagree that Toth failed to raise a genuine issue of material fact regarding whether the County's proffered reasons for deciding not to hire her were pretextual. Before the EEOC, the County gave two reasons for not rehiring Toth: her poor interview performance and the negative attitude she allegedly exhibited during her prior employment as a VWA. Toth offered evidence that, unlike Mabery, all three Bureau heads who attended her interview perceived the interview positively.[1] Although Mabery is entitled to her subjective perception of the interview, the evidence Toth produced raises an issue as to the sincerity and credibility of Mabery's assertion that she believed Toth's interview performance to be "real poor" and "unprofessional."

Toth also offered evidence of the consistently high performance reviews she received during her tenure as a VWA, which complimented her, among other things, on her "professional image." Even if Mabery did not review Toth's performance evaluations, the evaluations raise a genuine issue of fact as to the

---

[1] Anderson thought that Toth "answered all questions appropriately" and characterized her demeanor as "pleasant." Conchos thought that Toth "interviewed well" – she offered appropriate responses and was "genuine" and "sincere." Bieghler likewise thought that Toth "did fine" and "answered the questions correctly."

credibility of the assertions, none of which was contemporaneously documented, that Toth had previously exhibited a negative attitude.

Accordingly, I would hold that Toth has produced sufficient evidence to raise a genuine issue of material fact as to whether the County's proffered reasons for deciding not to hire her were pretextual. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

I also disagree that the direct evidence that Toth introduced regarding Mabery's comment at the time she decided not to hire her was insufficient both to establish a prima facie case and to rebut the County's proffered reasons under the *McDonnell Douglas* framework. For these reasons, I dissent.