**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) No. 02-CV-1874-PHX-PGR |
| vs. | ) ORDER ) |
| Maricopa County, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

This matter comes before the Court on Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 119). The Plaintiff filed this action on September 25, 2002, alleging that the Defendant violated her rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* The Defendant moved for summary judgment on the grounds that the Plaintiff failed to establish a *prima facie* case of discrimination as well as her failure to rebut the Defendant's non-discriminatory reasons for its decision not to rehire her. The Court granted the Defendant's Motion for Summary Judgment and judgment was entered on January 7, 2005, dismissing this action. The Plaintiff appealed the Court's decision on March 4, 2005, and the Ninth Circuit Court of Appeals affirmed this Court's Order granting summary judgment in Defendant Maricopa County's favor on February 20, 2007.

Since the Ninth Circuit has affirmed this Court's grant of summary judgment in Defendant's favor, the Defendant now seeks to recover its attorneys' fees and related non-taxable expenses in the amount of $88,769.00 and $28,287.94 respectively. The Defendant Maricopa County argues that it is entitled to fees under 28 U.S.C.§ 1927, and the Court's inherent powers, because the EEOC pursued this case in bad faith and needlessly and vexatiously multiplied the litigation.

As a preliminary matter the Court notes that the Defendant's original motion also sought an award of fees pursuant to the Equal Access for Justice Act ("EAJA"), 28 U.S.C. § 2412(b). Since the EEOC, an agency of the United States government, brought this action, the EAJA requires it to pay fees unless the EEOC can establish it pursued this case with "substantial justification." The relevant portion of the statute reads as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

28 U.S.C. 2412(d)(1)(A). The Defendant, in its reply brief, withdrew its fee request under the EAJA because, since the date the opening brief was filed, it realized that it did not meet the financial eligibility requirements for such an award. 28 U.S.C. § 2412(d)(2)(B). As noted by the Defendant, this was not an issue the Plaintiff EEOC raised in its opposition brief. Although the "substantial justification" standard is no longer the applicable standard before the Court, it is clear that the Defendant would have prevailed under the EAJA. However, the record in this case supports more than merely a finding that the EEOC pursued this case without substantial justification. It is apparent that the EEOC's conduct is indicative of bad faith.

1    Although the ADEA does not provide attorneys' fees to a prevailing defendant, the
2 court, however, may award attorneys' fees to a prevailing defendant under the bad faith
3 exception to the American Rule.  Specifically, a trial court may award attorney's fees to the
4 prevailing party when it finds the losing party has acted in bad faith, vexatiously, wantonly
5 or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 340,
6 358-59 (1975).  A plaintiff who litigated in bad faith may be sanctioned since both § 1927
7 and the court's inherent powers were designed to sanction specific abuses which the ADEA
8 does not address.  However, bad faith is essential to a fee award under both §1927 and the
9 court's inherent powers.  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (finding of bad
10 faith required for an award under court's inherent powers); *In re Keegan Mgmt. Co.
11 Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1995) (bad faith finding required for award
12 under 28 U.S.C. § 1927). Furthermore, sanctions may be awarded under § 1927 for recklessly
13 pursing a frivolous claim, or for pursuing a meritorious claim for the purpose of harassment.
14 *In re Keegan Mgmt.*, 78 F.3d at 436.  Section 1927 findings must be supported by a finding
15 of subjective bad faith; however, knowing and reckless conduct meets this standard.  *Id.*

16    First, the Defendant maintains that this is not the case where the Plaintiff innocently
17 pursued frivolous claims – instead, the Plaintiff knowingly or recklessly pursued completely
18 baseless litigation.  To support this assertion, the Defendant argues that the Plaintiff knew
19 from the outset that it had no admissible ageist statement and conducted a one-sided sham
20 investigation, designed to reach a finding against the County.   For example, the Defendant
21 contends that the Plaintiff stated at the Case Management Conference that it had a star
22 witness who would supposedly establish the existence of an ageist statement. However, this
23 star witness later turned out to be Anderson who had refused to provide an affidavit and who
24 swore under oath that she could not say such a statement had been made.

25    The Court finds the Defendant's arguments sufficient to establish a finding of
26 subjective bad faith. First and foremost, both this Court and the Court of Appeals found that

the EEOC could not prove that Mabery made any statement containing the word "old." No one ever acknowledged hearing any alleged age-related comments, despite the EEOC continued insistence that it could prove such a statement was made. The EEOC's contention that the terms "tired" or "burned out" were sufficient to justify its pursuit of the age discrimination claim against the County is against the legal standard in this circuit. It has been well established that statements which have no clearly discriminatory meaning have no evidentiary value. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. ). It is clear to the Court that the EEOC had no evidence of discrimination when it filed the case against Defendant Maricopa County.

The Plaintiff further argues in its opposition that the fact that non-decision makers had different perceptions of Toth's interview performance than Mabery justified its pursuit of this action. Again, the Court finds this argument frivolous. As noted by the Defendant, although non-decision makers had different opinions about Toth's interview performance and her qualifications for the job, there was no dispute over the objective facts upon which Mabery based her opinion and resulting decision. The Defendant provided evidence that the decision not to hire Toth was based in part on: (1) changed job requirements Toth did not meet; (2) Toth's prior dissastisfaction with pay and benefits which made it likely that she would be unhappy in the lower level, lower paying position she was seeking; and (3) Toth's admitted dissatisfaction with MCAO. Furthermore, it was undisputed that Toth had been a frequent complainer when she worked for MCAO, and the other interviewers were in agreement with this fact. The Plaintiff did not attempt to counter any of this evidence, and even admitted that these reasons could provide a legitimate basis for not hiring Toth. Instead, the Plaintiff seemed to ignore, or disregard, the standard governing pretext analysis. It is a well-established principle that pretext cannot be established through evidence that a decision-maker made the wrong decision – doubt is only cast on the decision-maker's motives if there is proof that she lied about the reasons for her decision. *See, e.g., Schuler v. Chronicle*

- 4 -

*Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986);   *Wolf v. Buss (America) Inc.*, 77 F.3d 914, 919 (7th Cir. 1996), *cert. denied* 519 U.S. 866 (1996).

The EEOC also argues that Toth's prior positive performance evaluations supported a finding that Mabery's opinion was pretextual.  However, the Plaintiff obviously ignores established precedent when  advancing this position and offers no citation to support its argument.  Performance evaluations are not proof of pretext unless they leave absolutely no room for disagreement. *Wileman v. Frank*, 979 F.3d 30, 35 (4th Cir. 1992).  This is certainly not the case regarding Toth.  Furthermore, the Ninth Circuit Court of Appeals noted that there was no evidence that Mabery ever reviewed Toth's evaluations and that the uncontroverted evidence showed that Mabery did not prepare them.  The EEOC should have been aware that the performance evaluations are proof of nothing

The Plaintiff also falsely contends that it provided evidence that Toth was more qualified that those offered the position.  Such an argument is indeed recklessly advanced.  In fact, the Ninth Circuit noted in its opinion affirming this Court's grant of summary judgment in the Defendant's favor that the EEOC completely failed to rebut evidence that Toth was less qualified that the Spanish speakers who also had degrees in the relevant field.  This Court similarly noted the EEOC's lack of evidence in this regard.

The Court is also persuaded by Defendant's argument that the EEOC had no basis upon which to obtain any remedy as the EEOC knew that there were no compensable damages.  The Defendant notes that it raised this issue in its motion for summary judgment and produced both lay and expert testimony in support thereof.  It is undisputed that Toth had a higher paying job with the County in Superior Court than she would have had Mabery made the decision to hire her for the MACO position.  In fact, the victim witness job which she interviewed for would have been a demotion for Toth.  Although the Plaintiff argues that it could obtain injunctive relief, the case law suggests otherwise.  Indeed the case the Plaintiff cites in support of its position that injunctive relief was an available remedy does nothing to

- 5 -

advance its position. In *EEOC v. General Lines, Inc.*, the court noted that there were allegations regarding a class action suit challenging *patterns* of discriminatory practices in employment. 865 F.2d 1555, 1565 (10th Cir. 1989). A party seeking injunctive relief needs to establish "some cognizable danger of recurrent violations." *Id*. Clearly, the EEOC had no evidence of discriminatory practices and could not make a showing that a danger of recurrent violations existed. It appears to the Court that the EEOC cited inapplicable law in support of a frivolous position.

The Court concludes that the EEOC pressed forward with an age discrimination claim which was clearly without any foundation. Sanctions, in the form of attorney's fees, may be awarded where a frivolous claim is recklessly pursued. *In re Keegan Mgmt.*, 78 F.3d at 436. Certainly, refusing to drop a claim known to be baseless, thereby forcing the other party to file a costly motion for summary judgment is sufficient misconduct to support a fee award under both the Court's inherent powers and Section 1927. *Heary Bros. Lightning Protection Co. v. Lightning Protection Institute*, 287 F. Supp. 2d 1038, 1081 (D. Ariz. 2003). Perhaps the most glaring example of bad faith in this case is the EEOC's continued persistence that there is direct evidence of age discrimination. The Plaintiff does so even though both this Court and the Court of Appeals concluded otherwise.

Furthermore, the Court finds the Plaintiff's objections to the reasonableness of the fees equally unpersuasive. First, the Defendant has submitted unrefuted proof that the rates charges were below prevailing market rates. Although the Plaintiff argues that defense counsel's affidavit regarding her knowledge of the prevailing rates in the community is insufficient to establish the rate is reasonable, Ninth Circuit law requires otherwise. It is well established that an attorney may opine about the reasonableness of her rates based on her knowledge of what others charge in the community or at what rate she has received awards in the past. *Welch v. Metropolitan Life Ins. Co.*, 2007 WL 656390 (9th Cir, March 6, 2007); *Phelps Dodge*, 896 F.2d at 407. Defense counsel charged $110 per hour for partners' time

- 6 -

and 100 per hour for time billed by associates. In *Phelps Dodge*, the Ninth Circuit held that the District Court abused its discretion in reducing legal fees to $100 per hour because 130-150 per hour was a reasonable market rate for civil rights cases, and this was ruling was made in 1989. *Id.* As the Defendants note, the rate charged is not even average – it is well below average.

In addition, the Court finds the Plaintiff's other objections regarding the amount of attorneys' fees requested without merit. A court may not reduce the number of hours for which fees may be awarded without adequate documentation of the reasons for doing so. *United States Steel Workers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Plaintiff vaguely contends that some entries are labeled legal with they are more aptly characterized as clerical. However, as noted by the Defendant, the Plaintiff raises these objections without identifying any particular time entries or setting forth an amount of fees allegedly at issue. The Plaintiff is required to do more than make such a generalized objection. *See, e.g., Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 n. 14 (6th Cir. 1990)(defendant should raise objections with specificity pointing out particular items).

However, the EEOC's objection regarding pre-litigation tasks is in accordance with applicable law. Although the Defendant argues that even work done for administrative proceedings required as a prerequisite to suit may be recoverable as long as it was necessary to the ultimate attainment of relief. *See New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980)(holding Title VII permits recovery of fees related to administrative proceedings related to state human rights agency as they were prerequisite to suit); *see also Native Village of Quinhagak v. United States*, 307 F.3d 1075, 1081 (9th Cir. 2002)(holding district court could award fees for prelitigation administrative activities under the Alaska National Interests Land Conservation Act). However, the attorney's fees in the cases cited were not awarded pursuant to Section 1927.

Based on the forgoing,

1    IT IS ORDERED that the Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 119) is GRANTED. The Defendant is awarded attorneys fees and non-taxable expenses in the amount of $88,769.00 and $28,287.94 respectively. The Defendant is further awarded its costs associated with filing the motion for attorneys' fees and the costs associated with updating the motion – $9,258.00.

DATED this 11th day of December, 2007.

Paul G. Rosenblatt
United States District Judge